**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John P. Baker, | ) | No. CIV 09-315-TUC-FRZ (GEE) |
| Petitioner, | ) ) | **REPORT AND** |
| vs. | ) ) | **RECOMMENDATION** |
| Charles Ryan; et al., | ) ) | |
| Respondents. | ) ) | |
| | ) ) | |

On June 3, 2009, John P. Baker, an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition, the answer, and a reply.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.


Summary of the Case

Baker was convicted after a jury trial of "conspiracy, kidnapping, two counts of child abuse under circumstances likely to cause death or serious physical injury, and eight other counts of child abuse." (Respondents' answer, pp. 2-3.) The state presented evidence that Baker and his live-in girlfriend, Betty Jo Miller, habitually locked Baker's 13-year old granddaughter and 11-year old grandson "in their room for most of the day throughout the year

1 without toys, cooling, water, or sanitation facilities." (Respondents' answer, Exhibit G, p. 2.)

2 The children were forced to "lie on their stomachs all day with their hands folded and legs

3 crossed," restrained "with sheets and duct tape," and allowed out of their room "only for meals,

4 monthly showers, and occasional haircuts . . . ." *Id.* On April 2, 1999, the trial court sentenced

5 Baker to a combined sentence of 90.5 years' imprisonment. *Id.*, p. 3.

6       Baker filed a timely notice of direct appeal. *Id.* He argued the trial court erred (1) by

7 admitting other act evidence, (2) by denying his motion to sever, and (3) by limiting his witness

8 interview. *Id.* The court of appeals, however, affirmed his convictions and sentences on

9 September 14, 2000. *Id.* Baker filed a timely petition for review, but the Arizona Supreme

10 Court denied review on February 15, 2001. *Id.*

11       Previously, on July 16, 1999, Baker filed his first notice of post-conviction relief. *Id.*

12 The proceeding was stayed during the direct appeal. *Id.* After the conclusion of his direct

13 appeal, Baker filed a petition pro per. *Id.* Baker's counsel filed a second petition on October

14 1, 2002, raising eight claims of ineffective assistance of trial and appellate counsel. *Id.* The

15 parties agreed that Baker should be resentenced on the conspiracy conviction and two of the

16 child abuse convictions. *Id.*, p. 4.

17       Baker's pro per claim that the trial judge should have recused himself was referred to

18 another judge and denied as precluded. *Id.* The trial court held an evidentiary hearing on July

19 19, 2004 and August 23, 2004, on Baker's claim that trial counsel failed to inform him of a plea

20 offer. *Id.*

21       On December 6, 2004, the trial court denied the petition filed by Baker's counsel finding

22 some issues to be moot in light of the parties' re-sentencing agreement. *Id.*, pp. 5-6. The trial

23 court denied Baker's pro per petition in orders issued on February 22, 2005 and April 12, 2005.

24 *Id.*, pp. 6-7.

25       Baker was resentenced on May 2, 2005 to "consecutive and concurrent prison terms

26 totaling 86.5 years." *Id.*, p. 7; Exhibit KK.

27       On October 28, 2005, Baker filed with the court of appeals a petition for review of the

28 trial court's denial of his first petition for post-conviction relief. *Id.*, p. 7.

On January 10, 2006, Baker filed his second notice of post-conviction relief. *Id*., p. 8. He filed his pro per petition on January 19, 2006. *Id*. The trial court denied the petition on February 15, 2006. *Id*. Baker filed with the court of appeals a petition for review on March 9, 2006. *Id*.

The court of appeals consolidated Baker's October 2005 petition and his March 2006 petition and issued a decision denying both petitions on January 25, 2007. *Id*. Baker filed a petition for review with the Arizona Supreme Court, but the court denied his petition on August 8, 2007. *Id*.

Previously, on July 20, 2006, Baker filed his third notice of post-conviction relief. *Id*., p. 8. He filed his pro per petition on October 3, 2006. *Id*. The trial court denied all claims as precluded on November 1, 2006. *Id*.; Exhibit QQ. Baker filed with the court of appeals a petition for review on December 13, 2006, but the court denied relief on February 28, 2007. *Id*., pp. 8-9; Exhibit SS. Baker filed a petition for review with the Arizona Supreme Court, but the court denied his petition on December 17, 2007. *Id*., p. 9.

Previously, on July 27, 2007, Baker filed his fourth notice of post-conviction relief. *Id*., p. 8. He filed his pro per petition on September 11, 2007. *Id*. The trial court denied all claims as precluded on November 14, 2007. *Id*.; Exhibit YY. Baker filed with the court of appeals a petition for review on January 14, 2008, but the court denied relief on September 18, 2008. *Id*.; Exhibit AAA. Baker filed a petition for review with the Arizona Supreme Court, but the court denied his petition on March 10, 2009. *Id*., p. 9.

On June 3, 2009, Baker filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Baker raises the following claims: (1a) trial counsel was ineffective at the plea bargaining stage, at trial, and at sentencing, (1b) appellate counsel was ineffective for failing to choose meritorious issues, (1c) advisory counsel was ineffective for "failing to fulfill his responsibilities," (2) his sentences are cruel and unusual, (3) the trial judge violated his equal protection rights during trial and at sentencing, (4) the trial judge and prosecutor denied his right to a fair trial by failing to change venue, failing to declare a mistrial for juror misconduct, and failing to correct false witness testimony, (5) he

is actually innocent, (6) there was insufficient evidence of kidnapping, and (7) bail was excessive. *Id.*

The respondents filed an answer arguing, among other things, that the petition is time-barred. Baker filed a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for all of Baker's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Baker was resentenced on May 2, 2005.

- 4 -

1   He had 20 days to file notice of his direct appeal. Ariz.R.Crim.P. 31.3. His judgment became

2   final when he failed to do so – May 23, 2005[1].

3           The limitation period did not immediately commence, however, because Baker's first

4   post-conviction relief proceeding was pending at this time. *See* 28 U.S.C. § 2244(d)(2). This

5   proceeding tolled the limitation statute until August 8, 2007, when the Arizona Supreme Court

6   denied his petition for review. *Id.*, p. 8. The limitation period began running the next day and

7   ended on August 8, 2008. The instant petition was filed on June 3, 2009. It is time-barred.

8           Baker argues the limitation period was statutory tolled while his third and fourth post-

9   conviction relief petitions were pending. He is incorrect. These petitions did not toll the

10  limitation period because they were untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417,

11  125 S.Ct. 1807, 1814 (2005) (An untimely petition for post-conviction relief is not "properly

12  filed" and does not toll the limitation period under § 2244(d)(2).).

13          The petitions were untimely because they were filed long after the deadline for filing

14  notice of post-conviction relief. *See* Ariz.R.Crim.P. 32.4(a) (notice must be filed within 90 days

15  of the entry of judgment and sentence . . .). The state court did not specifically find the petitions

16  untimely, but if the state court fails to decide the issue, this court must do so for itself. *See*

17  *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 854 (2006) ("[T]he Circuit must itself

18  examine the delay in each case and determine what the state courts would have held in respect

19  to timeliness.).

20          Baker further argues he is actually innocent and a claim of innocence is not subject to

21  the limitation period. Unfortunately, a free standing claim to factual innocence is not

22  cognizable in a habeas proceeding. *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995).

23          In the alternative, Baker argues he qualifies for the actual innocence gateway that permits

24  the court to decide the merits of a claim that is otherwise procedurally barred. *See Majoy v.*

25  *Roe*, 296 F.3d 770, 775-77 (9th Cir. 2002). This gateway is available where the petitioner

26

27

28          [1] The 20th day, May 22, 2005, is a Sunday. The deadline therefore was extended to the 21st day.
    Ariz.R.Crim.P. 1.3(a).

- 5 -

presents new evidence of such significance that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Sistrunk v. Armenakis*, 292 F.3d 669 (9ᵗʰ Cir. 2002), *cert. Denied*, 537 U.S. 1115 (2003).

Baker, however, does not present any newly discovered evidence showing he is innocent. Instead, he argues that the evidence presented at trial was insufficient to establish his guilt. According to Baker, "[b]oth victims stated at trial that Petitioner had no part of the offenses." (Petition, p. 10.) He asserts he "was not present during most of the time the offenses took place" and argues he was charged simply because he was the victims' guardian. *Id.*

Baker does not present new evidence that casts significant doubt on his conviction. Instead, he offers what is better characterized as an attack on the sufficiency of the evidence. He does not qualify for the actual innocence gateway. *See House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) ("[A] gateway claim requires 'new reliable evidence . . . that was not presented at trial.'").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [doc. #1] It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 1ˢᵗ day of April, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 7 -